**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**


Date:                    December 20, 2011

Courtroom Deputy:  Emily Seamon
Court Reporter:      Tracy Weir
Probation Officer:    Veronica Ramirez

---

**Criminal Action No. 10-cr-00512-REB**

*Parties:*                               *Counsel:*

UNITED STATES OF AMERICA,         Lillian Alves

        Plaintiff,

v.

1. JUAN CARLOS ARTEAGA-ORTEGA,       Kevin McGreevy
                                     Jessica Schmidt
        Defendant.

---

**SENTENCING MINUTES**

---

**1:34 p.m.      Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks. The matter comes before the Court for the oral
pronouncement of sentence, having been continued from December 16, 2011.

The court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties'
  written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense – focusing on "the real
  conduct" –  for which the defendant is being sentenced;

- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the congressional goals and purposes of sentencing;
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

**IT IS ORDERED** as follows:

1.     That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2.     That the pending motions are resolved as follows: United States' Motion for 1-Level Departure in Defendant's Offense Level for Acceptance of Appellate Waiver [65] is GRANTED; Motion for Downward Departure Based upon Cultural Assimilation [62] is GRANTED; Motion for Downward Departure Based upon Cultural Assimilation [60] is DENIED AS DUPLICATIVE of Document 62; Motion for a Below Guideline or Statutory

"Variant" Sentence [61] is GRANTED IN PART AND DENIED IN PART.

3.      That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Indictment;

4.      That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **33 months**;

5.      That no term of supervised release is imposed;

6.      That no fine is imposed;

7.      That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

8.      That the mandatory drug-testing provisions of 18 U.S.C. § 3583(d) are waived;

9.      That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

10.     That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in the State and District of Colorado, preferably to FCI Englewood in Littleton, Colorado;

11.     That the defendant is remanded to the custody of the United States Marshal.

To the extent, if any, defendant has the right to appeal the sentence given the plea agreement and the appellate waiver in this case, the defendant is advised of the right to appeal the sentence imposed by the court.

**2:14 p.m.      Court in recess.**

Total time in court:   00:40

Hearing concluded.